# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 21, 2013

Lyle W. Cayce
Clerk

No. 12-50262
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE RODRIGUEZ, JR., also known as George Rodriguez, also known as Jorge Sanchez Rodriguez, also known as Jorge Sanchez, also known as George Sanchez, also known as George Sanchez Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-556-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

George Rodriguez, Jr., pleaded guilty to two counts of illegal firearm possession and one count of possession, with intent to distribute, cocaine. The firearm and drugs were found in an inventory search of Rodriguez' vehicle after police arrested him for outstanding traffic warrants and impounded the vehicle.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50262

Following an evidentiary hearing, the district court granted in part, and denied in part, Rodriguez' motion to suppress.  Pursuant to the terms of his guilty plea, Rodriguez reserved the right to appeal the district court's denial of suppression of the firearm and the cocaine.  (The court suppressed Rodriguez' statements made to police at the time of arrest.)

Accordingly, the denial on those two items is the only issue on appeal. When a district court denies a motion to suppress evidence, its factual findings are reviewed for clear error; questions of law, *de novo*.  *E.g.*, *United States v. McKinnon*, 681 F.3d 203, 207 (5th Cir. 2012), *cert. denied*, 2013 WL 215604 (U.S. 22 Jan. 2013).  "The evidence and inferences therefrom are reviewed in the light most favorable to . . . the prevailing party."  *Id.*  Rodriguez presents two contentions.

First, he contends the arresting police officers acted in bad faith because the impoundment and ensuing inventory search were pretexts for a warrantless search based on the officers' expectation of finding contraband.  *See Cady v. Dombrowski*, 413 U.S. 433, 441 (1973) (inventory searches are conducted under a "community caretaking function[], totally divorced" from any investigation of criminal conduct).  An officer's "ulterior motive to search" does not invalidate an otherwise-lawful impoundment executed in accordance with standard procedures established by the police department. *McKinnon*, 681 F.3d at 210 (citing *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999)).

Rodriguez' second claim concerns the above-stated rule: an inventory search of a vehicle is reasonable if it is conducted pursuant to standardized regulations and procedures.  *McKinnon*, 681 F.3d at 209-10.  He asserts the officers did not follow the Austin Police Department's standard procedures, which provide that officers will not impound a vehicle if the owner/operator requests its release to a "responsible person who is present".  Austin Police Dep't Gen. Orders, Part B207E.04.  To be "responsible" according to department

procedure, the person must have a valid driver's license and be able to provide care and custody of the vehicle. *Id.*

Rodriguez attempted to release his vehicle to an unidentified stranger, who happened to be walking through the gas station when the arrest occurred. The district court found the officers were under no duty to surrender the vehicle to this stranger, nor were they obligated under the facts presented to inquire into the stranger's suitability to act as its custodian:  he was not "present" because he was merely passing through the area; and he was not "capable of providing care, custody, and control of the vehicle" because he was a stranger, not a person familiar to Rodriguez.  The evidence and inferences, viewed in the light most favorable to the Government, *see McKinnon*, 681 F.3d at 207, support the district court's concluding the officers complied with department policy concerning the impoundment of vehicles.

AFFIRMED.